UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EBONY B.,<br>   Plaintiff<br> v.<br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br>   Defendant. | Case No. 5:18-cv-01063-GJS<br><br>**MEMORANDUM OPINION AND ORDER** |

## I. PROCEDURAL HISTORY

Plaintiff[1] filed a complaint seeking review of Defendant Commissioner of Social Security's ("Commissioner") denial of her application for Child's Insurance Benefits ("CIB") and Supplemental Security Income ("SSI"). The parties filed consents to proceed before the undersigned United States Magistrate Judge [Dkts. 12, 13] and briefs addressing disputed issue in the case [Dkt. 17 ("Pltf.'s Br."), Dkt. 18 ("Def.'s Br.")]. The Court has taken the parties' briefing under submission without oral argument. For the reasons discussed below, the Court finds that this matter should be remanded.

---

[1] Plaintiff's name has been partially redacted in compliance with Fed. R. Civ. P. 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

## II. ADMINISTRATIVE DECISION UNDER REVIEW

On March 21, 2014, Plaintiff filed applications for CIB and SSI, alleging a disability onset date of January 20, 2014. [Dkt. 15, Administrative Record ("AR") 15, 264-269.] The Commissioner denied her initial claim for benefits on July 30, 2014. [AR 165-174.] On January 19, 2017, a hearing was held before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. [AR 70-105, 136.] On April 5, 2017, the ALJ issued a decision denying Plaintiff's request for benefits. [AR 15-23.] Plaintiff requested review from the Appeals Council, which denied review on December 1, 2017. [AR 1-5.]

Applying the five-step sequential evaluation process, the ALJ found that Plaintiff was not disabled. *See* 20 C.F.R. §§ 416.920(b)-(g)(1). At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since January 20, 2014, the alleged onset date. [AR 17 (citing 20 C.F.R. § 416.971).] At step two, the ALJ found that Plaintiff suffered from the following severe impairments: lupus and depression. [*Id.* (citing 20 C.F.R. § 416.920(c)).] Next, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments. [AR 18 (citing 20 C.F.R. Part 404, Subpart P, Appendix 1; 20 C.F.R. §§ 416.920(d), 416.925, and 416.926.]

The ALJ found that Plaintiff had the following residual functional capacity (RFC) to perform a range of sedentary work, specifically she can:

> stand and/or walk for one hour at a time and for a total of two hours in an eight-hour workday, the claimant can sit for six hours in an eight-hour workday but for only one hour at a time; the claimant requires the ability to sit on a small pillow; the claimant will need to stand and stretch for a minute or so after one hour of sitting; the claimant can occasionally use her bilateral lower extremities for foot pedals; the claimant can occasionally climb, crawl, crouch, and kneel, and can only occasionally be exposed to sunlight because of photosensitivity (AR 19). The claimant must avoid exposure to extreme temperatures; she is

limited to performing "non-complex" tasks, and the claimant will miss work one time per month.

[AR 19.]

Applying this RFC, the ALJ found that Plaintiff had no past relevant work, but she could perform other work as a document preparer (DOT 249.587-018), call-out operator (DOT 237.367-014), and addresser (DOT 209.587-010) and, thus, is not disabled. [AR 23.]

## III. GOVERNING STANDARD

Under 42 U.S.C. § 405(g), the Court reviews the Commissioner's decision to determine if: (1) the Commissioner's findings are supported by substantial evidence; and (2) the Commissioner used correct legal standards. *See Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1159 (9th Cir. 2008); *Hoopai v. Astrue*, 499 F.3d 1071, 1074 (9th Cir. 2007). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (internal citation and quotations omitted); *see also Hoopai*, 499 F.3d at 1074. The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007).

## IV. DISCUSSION

In her sole issue, Plaintiff contends that the ALJ erred at step five of the sequential evaluation by relying on the testimony of the vocational expert ("VE") that Plaintiff could perform work as a document preparer or call-out operator because the VE's testimony conflicted with the Dictionary of Occupational Titles ("DOT"). [Dkt. 17 at 4-9.] The DOT listings describe the document preparer and

call-out operator jobs as requiring Level 3 reasoning.[2]  Plaintiff contends that this results in a conflict because non-complex tasks do not generally equate to Level 3 reasoning.

### A. Hypothetical Posed to the VE

At the hearing, the ALJ presented VE Kristen Cicero with a hypothetical question based on Plaintiff's ultimate RFC. [AR 101.]  The VE testified that a hypothetical person with limitations similar to Plaintiff's RFC, including a limitation to non-complex tasks, could perform the jobs of document preparer (Department of Labor's Dictionary of Occupational Titles ("DOT") 249.587-018, sedentary, unskilled, Specific Vocational Preparation ("SVP") 2, 47,000 jobs nationally), call-out operator (DOT 237.367-014, sedentary, unskilled, SVP 2, 6,700 jobs nationally), and addresser (DOT 209.587-010, sedentary, unskilled, SVP 2, 6,300 jobs nationally). [AR 102.]  When asked if her testimony was based on the DOT, the VE testified: "my answer [is] based upon my experience placing individuals in these types of positions." [AR 102].  Relying on the VE's testimony, the ALJ determined that Plaintiff could perform the alternative jobs of document preparer, call-out operator, and addresser, and concluded that she was not disabled. [AR 22-23.]

### B. Whether There is an Obvious or Apparent Conflict with the DOT

Plaintiff contends the ALJ failed to recognize and reconcile an apparent conflict between the VE's testimony that a limitation to non-complex tasks is consistent with the demands of Level 3 reasoning, as required by the document preparer and call-out operator jobs. [Dkt. 17 at 7 *citing Zavalin v. Colvin*, 778 F.3d

---

[2]    DOT jobs classifications include a General Educational Development ("GED") component comprising three scales:  Reasoning Development, Math Development, and Language Development.  The GED reasoning, math, and language development scales range from Level 1 (low) to Level 6 (high).  Level 3 reasoning is defined as the ability to "[a]pply commonsense understanding to carry out instructions furnished in written, oral, or diagrammatic form.  Deal with problems involving several concrete variables in or from standardized situations." DOT, App. C, Components of the Definition Trailer (4th ed. rev. 1991), available at 1991 WL 688702.

842, 846-47 (9th Cir. 2015) (holding that the ALJ erred in failing to resolve the apparent conflict that existed between the ALJ's finding that the claimant retained the RFC to perform "simple, routine, or repetitive work" and the Level 3 reasoning requirements of the alternative cashier and surveillance system monitor jobs that the ALJ found the claimant capable of performing).] The Commissioner responds that "there is no apparent conflict between a restriction to "non-complex" tasks and occupations requiring "Level 3" reasoning. [Dkt. 18 at 4.]

At step five, the ALJ has the burden of establishing, through the testimony of a VE or by reference to the Medical-Vocational Guidelines, that the claimant can perform alternative jobs that exist in substantial numbers in the national economy. *See Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999). The Commissioner "routinely relies" on the DOT "in evaluating whether the claimant is able to perform other work in the national economy." *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990); *see Pinto v. Massanari*, 249 F.3d 840, 845 (9th Cir. 2001) ("[T]he best source for how a job is generally performed is usually the [DOT]."). Should an "apparent or obvious" conflict arise between a VE's testimony regarding the claimant's ability to perform alternative jobs and the DOT's description of those jobs, the ALJ must ask the VE "to reconcile the conflict" and must determine whether the VE's explanation is reasonable before relying on the VE's testimony. *Gutierrez v. Colvin*, 844 F.3d 804, 807-08 (9th Cir. 2016); *see also Massachi v. Astrue*, 486 F.3d 1149, 1153-54 (9th Cir. 2007) (stating that "neither the [DOT] nor the [VE] evidence automatically trumps when there is a conflict," and that the ALJ must determine whether a conflict exists, whether the VE's explanation for the conflict is reasonable, and whether a basis exists for relying on the VE rather than the DOT); *see also* Social Security Ruling ("SSR") 00-4P, 2000 WL 1898704, at *2 ("When there is an apparent unresolved conflict between [vocational expert] evidence and the DOT, the adjudicator must elicit a reasonable explanation for the conflict before relying on the [VE] evidence to support a determination or decision

about whether the claimant is disabled."). The ALJ's failure to resolve such a conflict may preclude a reviewing court from determining whether the ALJ's decision is supported by substantial evidence. *See Massachi*, 486 F.3d at 1154 (stating that "we cannot determine whether the ALJ properly relied on [the VE's testimony]" due to the ALJ's failure to address conflicts with the DOT).

Here, an apparent conflict exists between the Level 3 reasoning requirement and Plaintiff's limitations to non-complex tasks. *See Zavalin*, 778 F.3d at 846-47. The Ninth Circuit has held that "there is an apparent conflict between the residual functional capacity to perform simple, repetitive tasks and the demands of Level 3 reasoning." *Zavalin*, 778 F.3d at 847. Relatedly, this Court has found that there is no meaningful distinction between "simple tasks "and "non-complex tasks," and this and other courts have found "simple" and "non-complex" to be consistent. *See Burtenshaw v. Berryhill*, No. 5:16-CV-02243-GJS, 2018 WL 550590 (C.D. Cal. Jan. 23, 2018) (reasoning that a limitation to "non-complex tasks" conflicts with Level 3 reasoning because "a commonsense understanding of the term 'simple, repetitive tasks' suggests tasks that are easy or not complex and performed in a recurring or routine manner. 'Non-complex' therefore describes something that is 'simple' or 'easy to [analyze] or understand.'"). Because the VE identified jobs that require Level 3 reasoning, while the ALJ limited Plaintiff to non-complex work, the testimony of the VE conflicts with the DOT.

### C. Whether the Record Supports the Deviation

When there is a conflict between the testimony of a vocational expert and the Dictionary of Occupational Titles, the Court may rely upon the testimony only when "the record contains persuasive evidence to support the deviation." *Massachi*, 486 F.3d at 1153. Here, there is no indication in the record that the ALJ was aware of the conflict between Plaintiff's limitations to non-complex tasks and the requirements of the representative jobs as defined by the DOT.

Although the VE acknowledged some conflicts between her testimony and

6

Plaintiff's limitations to "sun-exposure," she did not address the conflict between Plaintiff's ability to complete Level 3 reasoning. As a result, the ALJ was unable to resolve the conflict between the two vocational resources, as is required by the Ninth Circuit. *See Pinto*, 249 F.3d at 845 ("in order for the ALJ to rely on a job description in the Dictionary of Occupational Titles that fails to comport with a claimant's noted limitations, the ALJ must definitively explain this deviation"). As the ALJ failed to elicit a reasonable explanation for the apparent conflict, his reliance on the VE's testimony, with respect to the document preparer and call-out operator jobs, was error. *See Gutierrez v. Colvin*, 844 F.3d at 807-08; *see Massachi*, 486 F.3d at 1153-54; SSR 00-4P, 2000 SSR LEXIS 8.

### D. Whether the ALJ's Error Was Harmless

Plaintiff argues that the ALJ's error here is not harmless because the remaining occupation identified by the VE—addresser—accounts for an insignificant number of jobs in the national economy. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005) (an ALJ's decision will not be reversed for errors that are harmless); *see also Randazzo v. Berryhill*, 725 F. App'x 446, 448 (9th Cir. 2017) ("The ALJ's error in relying on the vocational expert's testimony regarding the occupation of small products assembler was not harmless because the remaining 10,000 electrical accessories assembler jobs found by the expert may not amount to a significant number of jobs in the national economy.").

The VE testified that based on Plaintiff's limitations there would be 6,300 addresser jobs available nationally. [AR 102.] Relying on *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519 (9th Cir. 2014), Plaintiff argues that because the Ninth Circuit described 25,000 jobs in the nation as a "close call," the Court cannot confidently conclude that "6,300 jobs for one occupation" is a number of jobs a reasonable ALJ would consider as significant. [Dkt. 17 at 9.]

While the Ninth Circuit has never set out a bright-line rule for what constitutes a significant number of jobs, the Court finds that in light of recent

unpublished and published Ninth Circuit cases, 6,300 jobs does not meet the significant number standard. *See, e.g., Lemauga v. Berryhill*, 686 F.App'x. 420, 422 n.2 (9th Cir. 2017) ("We note that this court has never found [12,600] to be significant,"); *Randazzo* , 725 F. App'x at 448. (10,000 jobs in the national economy may not be significant); *Gutierrez*, 740 F.3d at 528-29 (holding that 25,000 jobs in the national economy presented a close call but was sufficient and 2,500 jobs in California was sufficient). Accordingly, reversal is warranted to permit the ALJ to follow up with the VE about Plaintiff's ability to perform this and other representative occupations.

## V. CONCLUSION

When the Court reverses an ALJ's decision for error, the Court "ordinarily must remand to the agency for further proceedings." *Leon v. Berryhill*, 874 F.3d 1130, 1132 (9th Cir. 2017); *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) ("the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation"); *Treichler v. Commissioner*, 775 F.3d 1090, 1099 (9th Cir. 2014). But the Court does have discretion to make a direct award of benefits under the "credit-as-true" rule, which asks whether: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). Each part of this three-part standard must be satisfied for the Court to remand for an award of benefits and it is only the "unusual case" that meets this standard. *Benecke*, 379 F.3d at 595; s*ee, e.g., Treichler*, 775 F.3d at 1105 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent of their impairments as true merely because the ALJ made a legal error in discrediting their testimony."). Moreover, if "an evaluation of the record as a whole

creates serious doubt that a claimant is, in fact, disabled," a court must remand for further proceedings "even though all conditions of the credit-as-true rule are satisfied." *Garrison*, 759 F.3d at 1021; *see also Leon*, 874 F.3d at 1133 ("an award under [the credit-as-true] rule is a rare exception, and the rule was intended to deter ALJs from providing boilerplate rejections without analysis"); *Brown-Hunter v. Colvin*, 806 F.3d 487, 495 (9th Cir. 2015) (as amended) ("The touchstone for an award of benefits is the existence of a disability, not the agency's legal error.").

Here, further proceedings would be useful to allow the ALJ to follow-up with the VE about Plaintiff's ability to perform other representative occupations. Therefore, remand for further proceedings is required. *See Treichler*, 775 F.3d at 1107; *see also Connett v. Barnhart*, 340 F.3d 871, 876 (9th Cir. 2003).

For all of the foregoing reasons, **IT IS ORDERED** that:

(1) the decision of the Commissioner is REVERSED and this matter is REMANDED for further administrative proceedings consistent with this Memorandum Opinion and Order; and

(2) Judgment be entered in favor of Plaintiff.

**IT IS SO ORDERED.**

DATED: March 21, 2019

_____
GAIL J. STANDISH
UNITED STATES MAGISTRATE JUDGE